UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRAIRIE STAR NATIONAL TRUST,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MONSANTO COMPANY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:22-cv-05324-DGE<br><br>ORDER REGARDING COMPLAINT AND DENYING MOTION FOR DEFAULT JUDGMENT |

　　　　This matter comes before the Court on its own motion following a review of Plaintiff's Complaint (Dkt. No. 1) and on Plaintiff's Motion for Default Judgment (Dkt. No. 2).

　　**A.　Plaintiff Prairie Star National Trust Must Be Represented By An Attorney.**

　　　　Plaintiff purports to be Prairie Star National Trust "[o]n behalf of" Mr. Keith Allan Goulet.  In a section labeled "The Parties," the Complaint states, "Prairie Star National Trust – KA. Goulet Managing Trustee [o]n behalf of: Keith Allan: Goulet – an American National[.]"

(*Id.* at 3.)  The Complaint also identifies a Mr. Sterling Jay Shaw as trustee of Prairie Star National Trust.  Thus, it is unclear whether Mr. Goulet or Mr. Shaw purport to act as trustee.[1]

As a general rule, although non-attorneys may represent themselves in a lawsuit, they have no authority to represent others.  *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987).  "Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons." *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986).  Accordingly, "[a] trustee cannot act in a pro se capacity in a judicial proceeding involving the trust for which he serves as a fiduciary." *United States v. Haines*, No. C13-5082 BHS, 2013 WL 6406952, at *1 (W.D. Wash. Sept. 27, 2013).

Because Mr. Goulet and Mr. Shaw do not purport to be licensed counsel, it appears Prairie Star National Trust seeks to be represented by a non-attorney trustee.  As neither Mr. Goulet nor Mr. Shaw appear to be lawyers, and trusts cannot be represented by non-attorney trustees, Plaintiff Prairie Star National Trust is ORDERED to obtain counsel within 45 days of this Order, or the matter will be dismissed without prejudice, without further notice.

**B. Motion for Default Judgment Denied.  Plaintiff Must Seek Issuance of Summons and Then Properly Serve It to Proceed.**

Plaintiff filed a Motion for Default Judgment simultaneously with its Complaint.  (*See* Dkt. Nos. 1, 2.)  Summons has not been issued by the Court and Plaintiff has provided no proof of service of summons.  As a result, default is not possible at this stage of the litigation.  Plaintiff

---

[1] Further, in Plaintiff's Motion for Default Judgment, Plaintiff states, "Plaintiff, Prairie Star National Trust, Trustee for the Claimant Keith A. Goulet, the living man, move for a Motion for Default Judgment and Declaration[.]"  (Dkt. No. 2 at 1.)  It appears in this motion that Mr. Goulet asserts Prairie Star National Trust is a Trustee for himself.  However, "[a] trust cannot be created . . . unless there is trust property in existence and ascertainable at the time of the creation of the trust." Restatement (Second) of Trusts § 2 (1959).

cannot seek a default judgment given there has been no entry of default by the Court. *See* Fed. R. Civ. P. 55(b).

Accordingly, and having considered Plaintiff's motion, the Court finds and ORDERS that Plaintiff's Motion for Default Judgment is DENIED.

Plaintiff Prairie Star National Trust is ORDERED to obtain counsel within 45 days of this Order, or the matter will be dismissed without prejudice, without further notice.

Dated this 7th day of June 2022.

David G. Estudillo
United States District Judge

ORDER REGARDING COMPLAINT AND DENYING MOTION FOR DEFAULT JUDGMENT - 3